UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-CV-21168-COOKE
(CASE NO. 07-CR-20487-COOKE)



FILED by PRG D.C.

JUL 08 2011

STEVEN M. LARIMORE
CLERK U S DIST CT
S. D. of FLA. – MIAMI

ANGEL BALBUENA
 Movant,

vs.

UNITED STATES OF AMERICA
 Respondent,

---

REPLY TO RESPONSE OF THE GOVERNMENT MOTION UNDER 28 U.S.C.§2255.

---

COMES NOW, Movant Angel Balbuena, respectfully moves to this Honorable Court to grant the present reply to oppose to the Government response and in that sense file and support the following:

(a) <u>Movant/Petitioner's plea was not voluntary nor intelligent nor with knowing.</u>

Movant/Petitioner's motion is with merit and should be granted; because this case present a special circumstances, and is that Petitioner did not failed to raise this issue during his <u>direct appeal</u>, for two (2) reasons fundamentals (1)First Petitioner was not Pro-Se, in his direct appeal, and was represented for the same defense attorney of the procedure in the sentencing hearing, Mr. Israel J. Encinosa,esq.:FBN43-5007; which means that is someone failed to raise this issue during direct appeal was Mr. Encinosa and not the Petitioner as allege the

-1-

U.S. Assistant in the page 11 of his response of date June 6, 2011. (2)However, Petitioner consider that Mr. Encinosa in the issues 11 of the Brief of Appeal, did raise this issue during the direct appeal when he presented the following:

The District Court erred in denying appellant's motion to withdraw guilty plea because appellant established that he had a fair and just reasons for withdrawing his guilty plea.

After the District Court has accepted a guilty plea but before sentencing, a defedant may withdraw the plea if he or she shows "a fair and just reason for requesting the withdrawl". Fed.R.Crim.P. 11(d)(2)(B)The "fair and just reason" standard should be liberally construed, but there is no absolute right to withdraw a guilty plea before sentencing. <u>United States v. Buckles</u>,843 F.2d. 469, 471 (11th Cir. 1988).

While Rule 11(c)of the Federal Rules of Criminal Procedure governs the validity of a plea of guilty, Rule 32(e)of the Federal Rules of Criminal Procedure provides that a plea of guilty may be withdrawn if the defednat demonstrates that the interests of justice and fairness so require. In determining if the defendant has met his burden, a district court must consider whether:(1)close assistance of counsel was avaialble; (2)the plea was knowing and voluntary;(3)judicial resources would be conserved; and (4)the government would be prejudiced if the defendant were allowed to withdraw his plea. Buckles, (supra at 472).

In the case at bar, there were several "fair and just reasons" for which, the District Court should have allowed Mr. Balbuena to withdraw

his guilty plea.

in order to determine whether there are "a fair and just reason" for allowing a defendant to withdraw his/her guilty plea, the courts must analyze the aforementioned four factors.

The first factor requires a determination of whether Appellant received "close assistance of counsel" prior to entering his guilty plea. Although the District Court should have held an evidentiary hearing as to the issues raised in Appellant's motion to withdraw guilty plea. There were sufficient undisputed facts presented during the hearing that established that Appellant did not have "close assistance of counsel". One such undisputed fact was that Appellant's attorney, who did not speak Spanish, never received the translated transcripts of the recorded conversations. It should be noted that all of the controlled conversation were in Spanish. This undisputed fact can be found in the transcript of the hearing on Mr. Balbuena's Motion to Withdraw Guilty Plea, where the Prosecutor admitted as follows:

> THE COURT: Mr. Edenfield, what about the tape that wasn't transcribed?
>
> MR. EDENFIELD: Your Honor, none of the tapes were transcribed because this case was tracking towards a guilty plea. Your Honor, what I would say about that particular issue, obviously, the person who is in the best position to know what was said during those conversations and to know his own intent is the defendant himself.[Emphasis added],[MT-Page 7/Lines 17-25].

By the Government's own admission, there could not have been "close assistance of counsel" because Appellant's attorney did not know the contents of the recorded conversations. Thus, if Appellant's attorney was not aware of the contents of the recorded conversation he could not have provided "close assistance" to Appellant prior to the plea.

The fact that the recorded conversations were not transcribed, become of greater importance in light of the testimony given by the UC during the sentencing hearing. According to the UC, prior to the meeting at the Home Depot parking lot, Appellant wanted to purchase only three kilos of cocaine. The UC testified during the sentencing hearing as follows:

> Q. Nowhere, prior to this passage, does it say that--does it note or is it translated that Mr. Balbuena actually asked for three, correct?
>
> A. This is the first time Mr. Balbuena brings up the number three, if that's what you are asking.
>
> Q. Right. So you are agreeing that Mr. Balbuena was asking for three, correct?
>
> A. <u>At this particular time, when Mr. Balbuena said that he only had the money for three</u>, even though they had previously agreed upon a larger amount,<u>we said we were not going to do it</u>.This was on June 6th of 2007, the day before the actual arrest.
>
> Q. Anyhow, he brings enough money to buy three on the 7th, to the Home Depot parking lot, correct?
>
> A. Well, thta's what we ended up finding out, but at that time he didn't portray it to be the money for three. He portrayed it to be $100,000.[Emphasis added],[PT-Page 32/Lines 5-12].

This establishes that there was evidence that supported Appellant's contention that he only wanted to purcahse three kilos instead of thirteen on June 7, 2007. At the very least had the recorded conversation been transcribed prior to the plea hearing, Appellant's attorney could have adequate reviewed all the evidence with Appellant and discussed all possible options. Thus, Appellant could have made a knowingly and voluntary decision of whether or not to plead guilty.

Ironically, the District Court did not take these undisputed facts into account in deciding this first factr. It appears that the Court's decision for denying Appellant's Motion to Withdraw Guilty Plea was simply

-4-

based as follows:

> **THE COURT:** That was one of my reasons, counsel, for why I found out that he had assistance. Because we paused the guilty plea to allow Mr. Farina to confer with your client and then, based upon the conversations with his client, he conferred with Mr. Edenfield and reconferred with his client. So at any point in that time your client could have said: Judge, I dont't want to do this.

However, this reasoning does not take into account that in order to provide "close assistance of counsel" Appellant's Attorney needed to know what the evidence showed. Thus, without the benefit of the translated transcripts of the recorded conversations, Appellant's counsel could not provided "close assistance of counsel".

The Second factor that must be review is whether "the plea was knowing and voluntary". As mentioned above, without the recorded conversations being transcribed and translated, Appellant could not have knowingly and voluntarily entered a plea of guilty. In addition, Appellant guilty plea was not "knowingly and voluntary" because Appellant was not advised of the mandatory minimum sentences that he was facing by pleading guilty to Counts I & II of the indictment.

The third factr that must be examined by the Court is "the judicial resources that would be conserved". Arguably, this factor would always favor not granting a motion to vacate simply because it take more resources to continue to litigate a case. However, the case at bar is not a very complex case and it would require very little judicial time and resources to try.

The fourth factor that most be examined is that of "prejudice to the Government". In the case at bar, the District Court did not considered this factor at all. [ST-Page 10/Lines 14-15] However, it should be noted

that the Government never claimed that it would be prejudiced if Appellant's motion to withdraw was granted.

Based on the aforementioned arguments, is clear that the interests of justice and fairness would best be served by reversing District Court's denial of Appellant's Motion to Vacate Guilty Plea and remanding this case to the District Court with instruction to grant Appellant's Motion.

In the argument, point, ground of issues one, the Movant filed and stated in the previous Memorandum, see page 9, 13 until 34, where the defense counsel, Mr. Vince Farina admitted the same, that he committed an error or that was his mistake when rushed and pressured the Movant to go thru the Plea Colloquy. See copy attached of the transcript of date July 9, 2008, which are attached in the Addendum to the Exhibit no. 8. Movant received copy of these transcripts on 04/20/2011 by the office of Paralegal of Jose Francisco & Associates, located at 9100 S. Dadeland Blvd., Suite 1500, Miami FL 33156-7816; telephone (305) 202-0770. After, that Movant had realized severe effort to obtain these transcripts to, so could demonstrate with these evidence, that his plea was entered and accepted under pressure, inducing coercion, by the defense trial Mr. Farina. This evidence never was presented before this Honorable Court nor before the court of appeal for the second defense attorney Mr. Israel J. Encinosa, who in his motion to withdraw guilty plea alleged that Balbuena asserted, <u>inter alia</u>, that he did not receive close assistance of counsel because the recorded conversations between Balbuena and the CI were not translated from Spanish to English or transcribed; and his prior counsel was not fluent in Spanish. Balbuena argued that his prior counsel could have provided

-6-

better asssitance if the recordings had been translated because Balbuena appeared to say that he only had money for three kilograms of cocaine in one of the last conversations. Balbuena also argued that his guilty plea to Count 1 was not knowing and voluntary because he intended to purchase only three kilograms of cocaine.

At an hearing on Balbuena's motion to withdraw his guilty plea, Balbuena's counsel argued that Balbuena brought enough money to the meeting with the CI and DEA Agent Monzon to purcahse only three kilograms of cocaine. When the district court questioned Balbuena about his agreement with the Governemt's factual proffer at the plea colloquy, Balbuena's counsel responded, "Judge, that is what it is". With regard to the recorded conversations between Balbuena and the CI, Balbuena's counsel noted that Spanish words for "three" and "thirteen" sound similar. The Government explained that the recorded conversations were not transcribed into English because the "case was tracking towards a guilty plea".

The district court orally denied Balbuena's Motion to withdraw his guilty plea because Balbuena (1) was in the best position to advise his counsel about the content of the recorded phone conversations, (2) had time to confer with counsel and the interpreter during the plea hearing whenever he had questions, and (3) said that he agreed with the factual proffer, that he was pleading guilty because it was in his best interest, and that he was satisfied with counsel's representation. See copy attached in the Exhibit 9 of motion to withdraw guilty plea, of date August 25, 2008, which was responded on August 26 by the Government, see also in this Exhibit transcript of motion to withdraw guilty plea of date August 26, 2008, which's were also provided to the

-7-

Movant by the office of Jose Francisco & Associates a week prior of file the momerandum in support of this present motion of §2255, and see also attached in the same Exhibit 9, copy of the opinion of the Court of Appeals for the Eleventh Circuit when affirmed the conviction and sentence on August 31, 2009. As could be observed althought the new defense attorney Mr. Encinosa, argued in the motion to withdraw guilty plea that the guilty plea to Count 1 was not knowing and voluntary, failed to obtain the evidence of the transcripts of July 9, 2008 and submit before this district court and the Court of Appeal to support his issue of that the plea was knowing and volunatry; in that sense, is of conformity with this evidence of July 9, 2008 that is attached in the Exhibit 8, that the Movant/Petitioner again support his argument 1, in the presented motion which state whether trial counsel failure to ensure that the defendant understood the nature and cosequences of the plea constituted ineffective assistance; where the same defense counsel when he quit the case, admitted that was his error and inefficience which conducted to that Movant accepted the plea.

Movant/Petitioner, know, that when the Magistrate and Government response this motion of 2255 will treat of allege and argue, that this issues was presented in the Court of Appeals for the Eleventh Circuit, however, Movant/Petitioner submit, that his second defense counsel Mr. Encinosa failed and was constitutionally ineffective in his investigation of search of issues, when did not obtained the transcripts of July 9, 2008, April 30, 2008 and August 26, 2008, which's were requested by the Movant to present in the district court and the court of appeal. In that order **Bousley v. United States**, 523 U.S. 614, 622-23 (1998). A petitioner can show that there was "cause" for his failure to raise a claim by establishing that trial or appellate counsel provided ineffect-

-8-

ive, the petitioner must meet the two-prong test articulated by the Supreme Court in **Strickland v. Washington**, 466 U.S. 668, 694 (1984), which requires showing that appellate counsel's conduct was (1) objectively unreasonable, and (2) prejudicial to the Petitioner, see **Mayo v. Henderson**, 13 F.3d 528, 533 (2nd Cir. 2004)(applying **Strickland** standard to claim of ineffective assistance of appellate counsel). If a petitioner argues that appellate counsel's assistance was ineffective because counsel decided not to raise a claim, the petitioner must show that appellate counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker". **Id.**

Therefore, if an issue could have been raised on direct appeal, but was not, a district court will not consider the issue in a §2255 proceeding unless the defendant can demonstrate "cause"(such as ineffective assistance of counsel)for not raising the issue earlier and "prejudice" (that is, that error likely made a difference in the outcome). Conversely,, if an issue was raised and decided on appeal, a defendant is procedurally barred from raising it again in a §2255 motion, absent extraordinary circumstances, such as an intervening charges in the law or nelwy discovered evidence. See **U.S. v. Pipitone**, 67 F.3d 34, 38 (2nd Cir. 1995)(a party who fails to raise an issue on direct appeal and subsequently e ndevours to litigate the issue via §§2255 petition must show that there was a cause for failing to raise the issue, and prejudice resulting therefrom")(internal quotation marks and citations omitted).

Here, Mr. Encinosa, failed in support his issues with the evidence of the transcripts of July 9, 2008, where Mr. Farina admit his mistake

and that pressure, induced and coarced the Petitioner to accept a plea under false promises and a rush manner.

(b) <u>Movant/Petitioner consider that the cumulative effect of counsel's errors denied Petitioner his constitutional right to effective assistance of counsel during the plea process and at sentencing.</u>

The Sixth Amendment provides that "[in]all criminal prosecutions, the accused shall...have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The United States Supreme Court has emphasized the importance of this right:

> That a person who happens to be a lawyer is present at trial aolingside the accused...is not enough to satisfy the constitutional command. The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results.

<u>Strickland v. Washington</u>, 466 U.S. 668, 685, 104 S.Ct. 2052, 2064 (1984).

"Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive, for it affects his ability to assert any other rights he may have". <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 377, 106 S.Ct. 2574, 2585 (1986). Therefore, the right to counsel is the right to effective assistance of counsel. See <u>Evitts v. Lucey</u>, 469 U.S. 387, 395-96, 105 S.Ct. 830 (1985).

To prevail upon a claim of ineffective assistance of counsel, Petitioner must satisfy a two-prong test. Petitioner must show (1) that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the deficiency actually prejudiced the defense. <u>Strickland</u>, 466 U.S. at 687, 694. Under Strick-

land, the proper measure of attorney performance remains simply reasonableness under prevailing professional norms. **Id. at 688.** This requires the petitioner to demonstrate that the specific acts and/or omissions on the part of defense counsel were outside the wide range of professionally competent assistance in light of all the circumstances. **Id. at 690.** In analyzing the issue of reasonableness, the court "should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case". **Id. at 690.**

The prejudice prong requires the petitioner to demonstrate a reasonable probability that, but for the attorney's unprofessional errors, the result of the proceeding would have been different. **Id. at 694.** Prejudice is shown when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable". **Id. at 687.** "The result of a proceeding can be rendered unreliable and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome". **Id. at 694.** "Reasonable probability under the foregoing standard is defined as "probability sufficient to undermine confidence in the outcome". **Id.**

In addressing this issue the court should consider the totality of the evidence. **Id. at 695.** Therefore, **Strickland** directs the court to look at the "totality of the evidence before the judge or jury", keeping in mind that "[s]ome errors[]have...a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture..." **id. at 695-96.** Errors are therfore considered in the aggregate. Therefore, while taken alone, no one instance esta-

blishes deficient representation, cumulative, each failure may underscore a fundamental lack of formulation and direction in presenting a coherent defense. Lindstadt v. Keane, 239 F.3d 191 (2nd Cir. 2001).

In light of the number and seriousness of counsel's errors and the closeness of the case against Petitioner, the cumulative effect of counsel's deficient performance was to prejudice the Petitioner. See Moore v. Johnson, 194 F.3d 586, 619 (5th Cir. 1999)(holding that court should examine cumulative effect of errors committed by counsel across the trial and sentencing); Stouffer v. Reynolds, 168 F.3d 1155, 1163-64 (10th Cir. 1999)("Taken alone, no one instance establishes deficient representation. However, cumulatively, each failure underscores a fundamental lack of formulation and direction in presenting a coherent defense".); cf Rodriguez v. Hoke, 928 F.2d 534, 538 (2nd Cir. 1991)(dismissing case for failure to exahust claims, but noting, "[s]ince Rodriguez's claims of ineffective assistance of counsel can turn on the cumulative effect of all counsel's actions, all his alleagtions of ineffective assistance should be reviewed together".); See Halton v. Hesson, 803 F.Supp. 1272, 1278 (MD. Tenn. 1992)(considering the totality of counsel's errors during trial, the court found that counsel rendered ineffective assistance requiring reversal of the conviction; counsel's failures to interview witnesses, to develop alibi testimony, and to call a certain expert witness "all combine to (]the result [of the trial]unreliable"). Therefore, Petitioner was denied effective assistance of counsel).

Here the cumulative effect of counsel's errors deprived Petitioner of his right to make a reasoned decision as to whether or not to plead guilty at all. Then, once he entered the procedural labyrinth following.

Taken together these errors cast such a serious doubt on the fairness of the plea and sentencing process as to meet the prejudice prong of Strickland.

(c) PETITIONER'S CRIMINAL HISTORY CATEGORY INCONSIST OBJECTION TO PSR; INSUPPORT TO THIS ISSUES MOVANT RESPONSE THE FOLLOWING:

Pursuant to U.S.S.G.§4A1.2(c), sentences for misdemeanor are not apllicable any point in the Criminal History and to raise 3 points and pass the First to Second category, it should cound 4 points and not 3 like happen in Petitioner's case, besides that the counsel failed to object.

## Sentencing

Sentencing is a complicated proceeding unless all of the Federal Sentencing Guidelines issues have been resolved through plea bargaining. Many times going to trial can help resolve relevant conduct questions that can reduce the outcome of the sentence, even after conviction.

One of the most complicated aereas of sentencing guidelines is relevant conduct and how much drugs or money, or other features of relevant conduct, should be held against you for purposes of setting the base offense level. Enhancements such as role, obstruction of justice and Criminal History Score are also critical factors in determing the outcome of the sentence. The PSR is not evidence. Since the PSI is not evidence, specific findings of fact as to disputed issues of fact or guideline matters must be carefully reviewed. See <u>United States v. Garrido</u>,995 F.2d 808 (8th Cir. 1993) at 812(n.6);<u>United States v. Leichtnam</u>,948 F.2d 370 (7th Cir. 1991); and <u>United States v. Bluke</u>,

-13-

969 F.2d 609 (8th Cir. 1992)at 616 (n.5). Also see <u>United States v. Wise</u>,976 F.2d 393 (8th Cir. 1992) and <u>United States v. Streeter</u>,907 F.2d 781, 791-92 (8th Cir. 1990), that a "presentence report is not evidence and is not legally sufficient basis for making findings on constested issues of material fact." The court is required to follow Rule 32 Federal Rules of Criminal Procedure in responding to objections to the PSR. Some of the many sentencing issues that may arise are:

1. Relevant conduct exposure (offense level);
2. Aggravating or mitigating role;
3. Obstuction of Justice;
4. Acceptance of responsibility;
5. Criminal history;
6. Upward or downward depature;
7  Cooperation;
8. Firearms enhancements, non-statutory.

Do not recommend having a presentence report interview without an attorney present.

## SENTENCING

Sentencing is a critical aerea of law in your case due to such decisions as <u>Booker</u>, making the guidelines advisory; and the <u>Kimbrough</u> and <u>Gall</u> cases decided by the Supreme Court allowing sentencing departures to not have to be based on extaordinary circumstances of the guidelines alone. See <u>United sates v. Booker</u>,543 U.S. 220 (2205), <u>Kimbrough v. United States</u>,128 S.Ct. 558 (2007) and <u>Gall v. United States</u>,128 S.Ct. 586 (2007).

Sentencing mitigation memorandums prepared by a sentencing/appeal

attorney should include legal, technical, and phychological issues that support a more lenient sentence thans is called for by the advisory guidelines.

Making objections for sentencing is just as important as making them for trial.

Objections to the PSR come first and must be submitted to the probation office for resolution. Unresolved issues are argued further at sentencing and the Judge makes the final determination on how the guidelines should be applied and if a sentence below the guidelines will be given.

We are seeing some waivers in plea agreements under **Booker** call for the defendant to waive mitigation arguments. It is our belief that **Booker** arguments cannot be waived at all. The Fifth Circuit determined that **Booker** rights could not be waived and that the entire statute had to be considered by the court in determing the sentence. See United States v. Zamora-Vallejo, 470 F.3d 592 (5th Cir. 2006). In United States v. Magouirk, 468 F.3d 942 (6th Cir. 2006) the Sixth Circuit deteetermined that **Booker** could be waived.

You can file an unresolved memorandum on objections to the PSR separate from the sentencing mitigation memorandum or together depending on if the mitigation can help the objections. Creativity is the key to sucess.

Petitioner reaffirms that the defense counsel was constititionally ineffrective to faile to raise a meritless objection to Petitioner's cirminal history category. Petitioner also argues that defense counsel was inconsistent, professionably unreasonable, illogical malfance, to

permit Petitioner enter a guilty ple to Count 1 of thirteen (13) kilograms of cocaine and the object the PSR alleging that Petitioner was only responsible to three (3) grams of cocaine. This situation in a practical sense, it looks like an ineffective assistance, lack of experience from the attorney.

(d) Petitoner reaffirm that an affirmative defense of entrapment is applicable and it has to be considered to the present case. In that sense the same Government adimts that to Count 1 the Petitioner was entrapment, see page 14 at (iii) of your response, where the Government incicates that Counts 2, and 3 of the indictment were based on the distribution quantities of cocaine and marijuana found at Balbuena's house and were completely unrelated to the transaction he negotiated with the confidential informant. An entrapment defense could therefore not have applied to Counts 2, and 3. Regarding to this issue the Government directly is admitting that was an entrpment to Count 1, inthat sense Petitioner consider that his lawyer advise him to go trial, a jury beyond reasonal doubt, should found him innocent to charge Count 1 and in the case at bar, the charges of Count 2, 3 was the found guilty his sentence under the guideline it was more than 5 years maximum, not 14 years like now in Count 1. See <u>U.S. v. Villafane-Jimenez</u>, 410 F.3d 74, 80 (1st Cir. 2005); <u>U.S. v. Guitierrez</u>, 343 F.3d 415, 419 (5th Cir. 2003); also see <u>U.S. v. Ryan</u>, 289 F.3d 1339, 1343-44 (11th Cir. 2002).

## CONCLUSION

Because Petitioner has demonstrated a violation of his Sixth Amendment right to counsel and because he did not effectively waive that claim,

his claim for relief under 28 U.S.C. §2255 should be granted.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully request that this Court:

(a) vacate his conviction and sentence; or, in the alternative:

(b) grant him the authority to obtain subpoenas for witnesses, documents and physical evidence which are all necessary to prove the facts alleged in this motion,

(c) grant him the right to conduct discovery, including the right to take dispositions, request admissions, and propound interrogatories, as well as the means to preserve the testimony of witnesses;

(d) Order and conduct an evidentiary hearing at which counsel for Petitioner will offer proof in support of the allegations presented in this petition;

(e) Permit Petitioner a reasonable opportunity to supplement this petition to include claims which become knows as a result of on-going investigation and information which may hereafter become known to counsel; and

(f) for such other and further relief which this Court may deem necessary, just and proper.

Dated: June 27, 2011 at Big Spring, Texas.

Respectfully Submitted,

/s/ Angel Balbuena
Angel Balbuena
Reg. No:78754-004
FCI Big Spring
1900 Simler Ave.
Big Spring, Texas 79720

-17-

## CERTIFICATE OF SERVICE

I, __Angel Balbuena__, hereby certify, under penalty of perjury, that I have served a true and correct copy of the foregoing instrument, "Reply to response of the Government motion under 28 U.S.C.§2255", which is deemed filed at the time it was delivered to prison authorithies for forwarding, <u>Houston v. Lock</u>, 487 U.S. 266 (1988), upon the respondent and its attorney(s) of record by placing same in a sealed first class envelope, postage prepaid, addressed to:

Clerk: Clarahce Maddox
United States District Court
Southern District of Florida
Miami Division
Federal Courthouse Sq.
301 N. Miami Ave. Ste. 150
Miami, FL 33128-7788

Danielle Sylvester-Pierre
U.S. Probation Officer
400 North Miami Ave. 9th Floor
Miami, FL 33128

Karen O. Stewart
Assistant United States Attorney
Florida Bar No. 0691011
99 Northeast 4th Street, 6th Floor
Miami, FL 33132-2111

Defense Counsel
Vicent Peter Farina, AFPD
150 West Flager Street
Suite 1500
Miami, FL 33130

and deposited into this institution's internal mail system located at FCI Big Spring, 1900 Simler Ave., Big Spring, Texas 79720, on this 27th day of June, 2011.

_Angel Balbuena_
Petitioner Pro-Se

